1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JACKSON EYRES THOMAS,                    Civil No.    07-1358 WQH (AJB)

12                              Petitioner,

13                    v.                      **ORDER DISMISSING CASE WITHOUT**
                                              **PREJUDICE AND WITH LEAVE TO**
14   JEANNE S. WOODFORD, et al.,              **AMEND**

15                            Respondents.

16        Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee.

18                    **FAILURE TO NAME PROPER RESPONDENT**

19        Review of the Petition reveals that Petitioner has failed to name a proper respondent. On

20   federal habeas, a state prisoner must name the state officer having custody of him as the

21   respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

22   U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

23   name a proper respondent. *See id.*

24        The warden is the typical respondent. However, "the rules following section 2254 do not

25   specify the warden." *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

26   institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

27   institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

28   petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

     be the state officer who has official custody of the petitioner (for example, the warden of the

1   prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

2          A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

3   habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

4   actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*

5   *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

6   habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

7   body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

8   of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d

9   at 895.

10          Here, Petitioner has incorrectly named "Jeanne S. Woodford, Director of the California

11  Department of Corrections, Bill Kolender, Sheriff San Diego County and Edmond G. Brown,

12  Jr.," as Respondents.  In order for this Court to entertain the Petition filed in this action,

13  Petitioner must name the warden in charge of the state correctional facility in which Petitioner

14  is presently confined or the Director of the California Department of Corrections. *Brittingham*

15  *v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

16                                          **CONCLUSION**

17          For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with

18  leave to amend due to Petitioner's failure to name a proper respondent.  To have this case

19  reopened, Petitioner must file a First Amended Petition no later than **October 9, 2007** in

20  conformance with this Order.  **THE CLERK OF COURT IS DIRECTED TO MAIL**

21  **PETITIONER A BLANK FIRST AMENDED PETITION FORM.**

22          **IT IS SO ORDERED.**

23  DATED:  August 9, 2007

24

25                                          **WILLIAM Q. HAYES**
                                            United States District Judge

26

27

28

K:\COMMON\EVERYONE\_EFILE-PROSE\WQH\07cv1358dism.wpd, 897                    -2-                                    07cv1358